RUSS, AUGUST & KABAT
Benjamin T. Wang (SBN 228712)
Email: bwang@raklaw.com
Nathan D. Meyer (SBN 239850)
Email: nmeyer@raklaw.com
James S. Tsuei (SBN 285530)
Email: jtsuei@raklaw.com
12424 Wilshire Boulevard, 12th
Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Defendants
RELYFY CORP., ANAND
CHATURVEDI, COHERENT CARE,
LLC

Douglas R. Luther (SBN 280550)
doug.l@amadaseniorcare.com
AMADA FRANCHISE, INC.
901 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 284-6305

Attorneys for Plaintiffs
LTC NOW, LLC, GUARDIAN HOME
CARE, INC., AMADA FRANCHISE, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| LTC NOW, LLC, a Nevada limited liability company; GUARDIAN HOME CARE, INC., a Washington corporation; AMADA FRANCHISE, INC., a Wyoming corporation;<br><br>Plaintiffs,<br><br>v.<br><br>RELYFY CORP., a Delaware corporation; ANAND CHATURVEDI, an individual; COHERENT CARE, LLC, a Georgia limited liability company; and DOES 1-100;<br><br>Defendants. | Case No. 8:20-cv-00351-JLS-ADS<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon. Josephine L. Staton<br>Courtroom: 10A |

1.      **PURPOSES AND LIMITATIONS**

        Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiffs LTC Now, LLC, Guardian Home Care, Inc., Amada Franchise, Inc. and Defendants Relyfy Corp., Anand Chaturvedi, and Coherent Care, LLC (collective, "the Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.      **DEFINITIONS**

        2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

        2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

        2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

        2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.5     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or disclose the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  For avoidance of doubt, documents that do not specifically define or disclose the algorithms or structure of software or hardware designs shall not be designated as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.9     <u>House Counsel</u>: attorneys who are members in good standing of at least one state bar, who are employees of a Party, and who have responsibility for managing this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12   <u>Party</u>: any party to this action.

2.13   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors , who (1) have been retained by a Party or its counsel to provide litigation support services with respect to this action, (2) are (including any employees and subcontractors) not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, are not anticipated to become an employee of a Party or of a Party's competitor.

2.15   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the

public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection and if practicable to do so, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party when practical identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 14 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Parties shall give the other Parties reasonable notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during

that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the

confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.3   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party may request a telephonic conference through the Informal Discovery Dispute Resolution procedure offered by the Hon. Autumn D. Spaeth. If the challenge is still not resolved after the Informal Discovery Dispute Resolution telephonic hearing is held, the Challenging Party may file and serve a motion to re-designate or de-designate under Civil Local Rule 37-2 (and in compliance with Civil Local Rule 79-5, if applicable). Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) and frivolous designations and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose a Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

**7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and shall not be used for any business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever. Such Protected Material may be disclosed

only to the categories of persons and under the conditions described in this Order.[1] When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Protected Material shall not be copied or otherwise reproduced by a Receiving party, except for transmission to qualified recipients, without the written permission of the Producing Party or by further order of the Court.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) no more than two House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and one officer-level employee of each party who either has responsibility for making decisions dealing directly with the litigation in this action or who is assisting outside counsel in preparation for proceedings in this action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

---

[1] In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A. In the event such attorney declines to sign the "Acknowledgment and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

(e) stenographic reporters, videographers and/or their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless the Designating Party objects to such disclosure or except as otherwise ordered by the Court. Before making such a disclosure, Receiving Party must provide notice sufficient to allow the Designating Party to object. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(c) the Court and its personnel;

(d) stenographic reporters, videographers and their respective staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information, unless the Designating Party objects to the disclosure; and

(f) while testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the information or item.

7.4    Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) up to three Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below and specifically identified as eligible to access "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items, have been followed;

(c) the Court and its personnel;

(d) stenographic reporters, videographers and their respective staff and are transcribing or videotaping a deposition wherein "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items are being discussed, provided that such reporters and videographers shall not retain or be given copies of any portions of the source code, which if used during a deposition, will not be attached as an exhibit to the transcript but instead shall be identified only by its production numbers.

1    (e) while testifying at deposition or trial in this action only: (i) any current or

2    former officer, director or employee of the Producing Party or original source of the

3    information; (ii) any person designated by the Producing Party to provide testimony

4    pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person

5    who authored, previously received (other than in connection with this litigation), or was

6    directly involved in creating, modifying, or editing the "HIGHLY CONFIDENTIAL –

7    SOURCE CODE" Information or Items, as evident from its face or reasonably certain in

8    view of other testimony or evidence. Persons authorized to view "HIGHLY

9    CONFIDENTIAL – SOURCE CODE" Information or Items pursuant to this sub-

10   paragraph shall not retain or be given copies of the "HIGHLY CONFIDENTIAL –

11   SOURCE CODE" Information or Items except while so testifying.  Only printed copies of

12   the Source Code will be provided to testifying witnesses during their testimony.

13       7.5 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY</u>

14   <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –</u>

15   <u>SOURCE CODE" Information or Items to Experts.</u>

16       (a) Unless otherwise ordered by the court or agreed to in writing by the

17   Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

18   information or item that has been designated "HIGHLY CONFIDENTIAL –

19   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

20   pursuant to paragraph 7.3(c) first must make a written request to the Designating Party[2]

21   that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS'

22   EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the

23   Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of

---

[2] For a Designating Party that is a Non-Party, experts previously disclosed and approved prior to the Non-Party's production of any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" need not be disclosed to said Non-Party unless such Non-Party requests such information prior to the production of any Protected Material. Moreover, unless otherwise requested by the Non-Party, subsequently disclosed experts need not be disclosed to the Non-Party before that Non-Party's Protected Material may be disclosed thereto.

the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, and (4) identifies (by name and number of the case, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years.[3]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may request a telephonic conference through the Informal Discovery Dispute Resolution procedure offered by the Hon. Autumn D. Spaeth.  If the Parties are unable to resolve the objection through the Informal Discovery Dispute Resolution procedure, the Party seeking to make the disclosure may file a motion as provided in Civil Local Rule 37-2 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the

---

[3] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

(d) In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protective Material to its Expert.

(e) A party who has not previously objected to disclosure of Protected Material to an Expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection to an Expert at a later time with respect to Protected Material that is produced after the time for objecting to such Expert has expired or if new information about that Expert is disclosed or discovered. Any such objection shall be handled in accordance with the provisions set forth above.

## 8.    **PROSECUTION BAR**

Absent written consent from Relyfy Corp, any individual who receives access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information designated by Relyfy Corp shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the litigation or the subject matter of the Protected Material designated by Relyfy Corp, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes any activity related to the competitive business decisions involving (i) the preparation or prosecution (for any person or entity) of patent applications, including among others reexamination and reissue applications or (ii) directly or indirectly participating, drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[4] To

---

[4] Prosecution includes, for example, original prosecution, reissue, *inter partes* review, post grant review, covered business method review and reexamination proceedings.

avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, post grant review or covered business method review). Notwithstanding the foregoing, nothing in this section shall prohibit a person who is otherwise subject to this provision from participating in any *Inter Partes* Review or post-grant proceedings of the patents asserted in this action if that person does not provide any input on drafting or amending claims or any input on arguments made in connection with any new or amended claims. This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

**9.**    **SOURCE CODE**

(a)    To the extent production of source code becomes necessary in this case, a Producing Party may designate material as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises, includes, or substantially discloses confidential, proprietary or trade secret source code or algorithms.  This material may include, among other things, technical documentation that comprises, includes, or substantially discloses source code or algorithms.  In the event that a document contains both information that may be properly designated "HIGHLY CONFIDENTIAL - SOURCE CODE" and information that may not be properly designated "HIGHLY CONFIDENTIAL - SOURCE CODE," if the "HIGHLY CONFIDENTIAL - SOURCE CODE" information comprises less than seventy five percent (75%) of such document, then such document will still be produced in the ordinary manner (i.e., electronically), but with the "HIGHLY CONFIDENTIAL - SOURCE CODE" information redacted.  For avoidance of doubt, documents that do not specifically define or disclose the algorithms or structure of software or hardware designs shall not be designated as "HIGHLY CONFIDENTIAL – SOURCE CODE."

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only as set forth in Paragraph 7.4.

(c)     Any source code, including unredacted versions of documentation containing "HIGHLY CONFIDENTIAL - SOURCE CODE" information as described in paragraph 9(a), produced in discovery shall only be made available for inspection, not produced except as set forth below, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at (1) an office of the Producing Party or the Producing Party's primary Outside Counsel of Record or (2) another mutually agreed-upon location. Any location under (1) or (2) shall be within the United States. The source code shall be made available for inspection on a secured computer (the "Source Code Computer") in a secured, locked room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The secured computer shall have disk encryption and be password protected.  Use or possession of any input/output device (*e.g.*, USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code (other than the non-networked computer and storage device described in paragraph 9(d) below for purposes of taking notes). All persons entering the locked room containing the source code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room. The computer containing source code will be made available for inspection during regular business hours, upon reasonable notice to the producing party, which shall not be less than 3 business days in advance of the requested inspection. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that

there is no unauthorized recording, copying, or transmission of the source code, but the Producing Party shall not listen in on, or otherwise inhibit the Receiving Party's privileged communications in the room.

(d)     The Receiving Party's outside counsel of record and/or outside experts or consultants shall be entitled to take notes relating to the Source Code; provided, however, that such notes shall not copy, remove, or otherwise transfer any portions of the Source Code.  The Producing Party shall provide a non-networked computer ("Notetaking Computer") for the Receiving Party to take typewritten notes during source code review.  Such typewritten notes are permitted to include but are not limited to the following information: file names, line numbers, method/variable names, narrative thoughts on how different modules interact, and general descriptions of functions that may be called. The Receiving Party shall be prohibited from accessing the Internet on the Notetaking Computer, or using the Notetaking Computer for any purpose other than taking notes during the source code review.  At the end of each day that the Receiving Party reviews source code, a lawyer from the Producing Party's outside counsel ("the Screened Lawyer") will have the opportunity to perform a visual scan of the notes taken on the Notetaking Computer ("the Scan").  The purpose of the Scan is solely to confirm that the Receiving Party has not copied Source Code in violation of this Protective Order.  The Producing Party will not attempt to discover from the Screened Lawyer or from the Notetaking Computer the Receiving Party's attorney-client privileged information or work product (e.g., legal strategy). No other scan or review of the notes taken on the Notetaking Computer shall be permitted.  The Screened Lawyer shall be walled off from working on this action except for performing the Scan, and will not discuss the case or the notes taken on the Notetaking Computer with any attorney working on the matter.  However, should a dispute arise regarding any part of the notes taken on the Notetaking Computer, the Screened Lawyer is permitted to communicate the details of the dispute to one of the Producing Party's Outside Counsel of Record working on the action.  The Scan shall not result in a waiver of the work-product protection or any other privilege or protection from

disclosure.  In the event that, after performing the Scan, the Screened Lawyer has no objections to the notes taken on the Notetaking Computer, the notes shall be transferred to the Receiving Party by USB drive or similar storage device transfer ("the USB Drive"). The USB Drive shall be encrypted and subject to all the same protections provided in this Order for information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE." Such typewritten notes shall be deleted from the Notetaking Computer upon transfer to the Receiving Party.

(e)     Except as otherwise provided herein, no person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL - SOURCE CODE" material, except that the Receiving Party may request paper copies of limited portions of source code, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. In no event may the Receiving Party print more than 50 consecutive pages, or an aggregate total of more than 750 pages, of source code during the duration of the case without prior written approval by the Producing Party. The Receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in Paragraph (c) in the first instance. Within 5 business days or such additional time as necessary due to volume requested, the Producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL - SOURCE CODE" unless objected to as discussed below.  At the inspecting Party's request, up to two additional sets (or subsets) of printed source code may be requested and provided by the Producing Party in a timely fashion. In the event that the Receiving Party wishes to use additional sets of the printed source code at a deposition, it shall give the Producing Party at least three (3) days' notice of its intent to use such additional sets of the printed source code at the deposition. Upon receiving such request, the Producing Party shall bring up to two (2) additional sets of printed source code to the deposition, exclusively for use at the deposition.  Such additional sets of the printed source code shall remain in the custody of the Producing

Party after the deposition is complete.  Even if within the limits described, the Producing Party may challenge the amount of source code requested in hard copy form or whether the source code requested in hard copy form is reasonably necessary to any case preparation activity pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution. Contested printouts do not need to be produced to the Receiving Party until the matter is resolved by the Court.

(e)      The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all printed portions of the source code in a secured, locked area under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials. Any paper copies designated "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be stored or viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of outside experts or consultants who have been approved to access source code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Except as provided in section (i) *infra*, the Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. Any printed pages of source code, and any other documents or things reflecting source code that have been designated by the producing party as "HIGHLY CONFIDENTIAL - SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below.  Any paper copies used during a deposition shall be retrieved by the Receiving Party at the end of each

1  day and must not be given to or left with a court reporter or any other unauthorized

2  individual.[5]

3        (f)      The Receiving Party's outside counsel and/or expert shall be entitled to take

4  notes relating to the source code but may not copy any portion of the source code into the

5  notes.  No copies of all or any portion of the source code may leave the room in which the

6  source code is inspected except as otherwise provided herein.  Further, no other written or

7  electronic record of the source code is permitted except as otherwise provided herein.

8        (g)      A list of names of persons who will view the source code will be provided to

9  the producing party in conjunction with any written (including email) notice requesting

10 inspection.  The Receiving Party shall maintain a daily log of the names of persons who

11 enter the locked room to view the source code and when they enter and depart.  The

12 Producing Party shall be entitled to a copy of the log.

13       (h)      The Receiving Party's outside counsel shall maintain a log of all copies of

14 the source code (received from a Producing Party) that are delivered by the Receiving

15 Party to any person.  The log shall include the names of the recipients and reviewers of

16 copies and locations where the copies are stored.  Upon request by the Producing Party, the

17 Receiving Party shall provide reasonable assurances and/or descriptions of the security

18 measures employed by the Receiving Party and/or person that receives a copy of any

19 portion of the source code.

20       (i)      Except as provided in this paragraph, the Receiving Party may not create

21 electronic images, or any other images, of the source code from the paper copy for use on a

22 computer (*e.g.*, may not scan the source code to a PDF, or photograph the code).  The

23 Receiving Party may create an electronic copy or image of limited excerpts of source code

24 only to the extent necessary in a pleading, exhibit, expert report, discovery document,

25 deposition transcript, other Court document, or any drafts of these documents ("SOURCE

26

27 ───────────────
[5] The nature of the source code at issue in a particular case may warrant additional protections or restrictions, For
example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the
28 Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing,
pleading, or expert report.

CODE DOCUMENTS"). The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The Receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Protective Order.   Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL - SOURCE CODE."

(j) To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL- SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE.

(k) The Receiving Party shall maintain a log of all electronic images and paper copies of Source Code Material in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored.

**10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[6]

If the Designating Party timely[7] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these

---

[6] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

[7] The Designating Party shall have at least fourteen (14) days from the service of the notification pursuant to Section 10(a) to seek a protective order.

1  provisions should be construed as prohibiting a Non-Party from seeking additional

2  protections.

3          (b)      In the event that a Party is required, by a valid discovery request, to

4  produce a Non-Party's confidential information in its possession, and the Party is subject

5  to an agreement with the Non-Party not to produce the Non-Party's confidential

6  information, then the Party shall:

7              1.  promptly notify in writing the Requesting Party and the Non-Party

8  that some or all of the information requested is subject to a confidentiality agreement with

9  a Non-Party;

10             2.  promptly provide the Non-Party with a copy of the Stipulated

11 Protective Order in this litigation, the relevant discovery request(s), and a reasonably

12 specific description of the information requested; and

13             3.  make the information requested available for inspection by the Non-

14 Party.

15         (c)      If the Non-Party fails to object or seek a protective order from this

16 Court within fourteen (14) days of receiving the notice and accompanying information, the

17 Receiving Party may produce the Non-Party's confidential information responsive to the

18 discovery request. If the Non-Party timely objects or seeks a protective order, the

19 Receiving Party shall not produce any information in its possession or control that is

20 subject to the confidentiality agreement with the Non-Party before a determination by the

21 Court.[8] Absent a Court order to the contrary, the Non-Party shall bear the burden and

22 expense of seeking protection in this court of its Protected Material.

23 **12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

24         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

25 Protected Material to any person or in any circumstance not authorized under this

26 Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the

27 _____

28 [8] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.**     **PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the Court for a determination of the claim. The production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. The Producing Party may assert privilege or protection over produced documents at any time by notifying the Receiving Party in writing of the assertion of privilege or protection.  For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. In addition, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced.

**14.    MISCELLANEOUS**

14.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by agreement of the Parties or by applying to the Court if such agreement cannot be reached.  Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order, even if the conduct subject to the release would otherwise violate the terms herein.

14.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    <u>No Agreement Concerning Discoverability</u>. The identification or agreed-upon treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the Parties that the disclosure of such categories of Disclosure and Discovery Material is required or appropriate in this action. The Parties reserve the right to argue that any particular category of Disclosure and Discovery Material should not be produced.

14.4    <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each party receiving Protected Material shall comply with all applicable export control statutes and regulations.  *See, e.g.,* 15 CFR 734.2(b).  No Protected Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)).  Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form.  The viewing of Protected Material through electronic means outside the territorial

limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, Protected Material, exclusive of material designated RESTRICTED CONFIDENTIAL - SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

14.5    Filing Protected Material. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

14.6    Use of Protected Material at Hearing or Trial. A Party shall provide a minimum of one business day's notice to the Producing Party in the event that a Party intends to use any Protected Material during trial; and a minimum of two (2) business days' notice to the Producing Party in the event that a Party intends to use any Protected Material during a hearing.  Subject to any challenges under Section 6, the Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

14.7    No Limitation on Legal Representation. Nothing in this Order shall preclude or impede Outside Counsel of Record's ability to communicate with or advise their client and House Counsel in connection with this litigation based on such counsel's review and evaluation of Protected Material, provided however that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Order.

14.8    Violations or Breaches. Any Party that violates or breaches this Order may be subject to sanctions, or any other remedies as appropriate, as ordered by the Court. In the event motion practice is required to enforce the terms of this Order, the prevailing party

on such a motion shall be awarded costs, expenses, and fees, including attorney or other professional fees, incurred in connection with the discovery of the violation or breach and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation or breach.

14.9    Agreement Upon Execution. Each of the Parties agrees to be bound by the terms of this Stipulated Protective Order as of the date counsel for such party executes this Stipulated Protective Order, even if prior to entry of this Order by the Court.

**15.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for archival purposes only. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**16.    INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION**

The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Order. After final disposition of this litigation, the provisions of this Order shall continue to be binding except with respect to that Disclosure or Discovery Material that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Order following final disposition of this litigation. All disputes concerning Protected Material produced under the protection of this Order shall be resolved by the United States District Court for the Central District of California.

DATED:  November 23, 2020                     AMADA FRANCHISE, INC.


                                              By: *Douglas R. Luther*
                                              Douglas R. Luther
                                              Attorneys for Plaintiffs


DATED:  November 23, 2020                     RUSS, AUGUST & KABAT
                                              Benjamin T. Wang
                                              Nathan D. Meyer
                                              James S. Tsuei


                                              By: *James S. Tsuei*
                                              James S. Tsuei
                                              Attorneys for Defendants


PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  November 24, 2020


                                              ___/s/ Autumn D. Spaeth_____
                                              Hon. Autumn D. Spaeth
                                              United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print full name], of

_____ [print full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Central District of California in the case of *LTC Now,*

*LLC, et al. v. Relyfy Corp, et al.*, Case No. 8:20-cv-00351-JLS-ADS. I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to the Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of the Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.


Date: _____


City and State where sworn and signed: _____


Printed name: _____

[printed name]


Signature: _____

[signature]


STIPULATED PROTECTIVE ORDER                                    Case No.: 8:20-cv-00351-JLS-ADS

<u>**CERTIFICATE OF SERVICE**</u>

I certify that counsel of record who are deemed to have consented to electronic service are being served on November 23, 2020, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3).  Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

/s/   *James S. Tsuei*